UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

EMILY F. TRIPP,                                )
                                               )
         Plaintiff,                            )
                                               )
v.                                             )        Case No. 2:20CV53 HEA
                                               )
KILOLO KIJAKAZI,[1]                            )
Acting Commissioner of Social Security,        )
                                               )
         Defendant.                            )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court for judicial review of the final decision of the

Commissioner of Social Security denying the application of Plaintiff for

supplemental security income benefits under Title XVI, 42 U.S.C. §§ 1381-1385.

The Court has reviewed the filings and the administrative record as a whole which

includes the hearing transcript and medical evidence. The decision of the

Commissioner will be affirmed.

## Background

---

[1]  Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the
Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant
in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of
the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff filed an application for supplemental security insurance on December 28, 2017.  A hearing was held on July 22, 2019 in front of an ALJ. The ALJ determined that Plaintiff was not under a disability at any time from her alleged onset date of August 21, 2017. In her decision, the ALJ found Plaintiff had the severe impairments of anxiety, depression, bipolar disorder, attention deficit hyperactivity disorder, obsessive compulsive disorder, and post-traumatic stress disorder. However, the ALJ found that she did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. part 404, subpart P, appendix 1. While the ALJ found none of Plaintiff's impairments met or equaled a listed impairment, she did find some limitations. Specifically, the ALJ found Plaintiff retained the residual functional capacity ("RFC") to perform:

> a full range of work at all exertional levels but with the following nonexertional limitations: claimant is capable of simple, routine, repetitive tasks with few changes in work setting.  The claimant can have only occasional interactions with supervisors and coworkers and the general public.

Based on vocational expert testimony, the ALJ found Plaintiff could perform work such as an industrial cleaner, house cleaner, and semi conduction bonder.

The decision of the ALJ stands as the final decision of the Commissioner.

### Hearing Testimony

Plaintiff testified she lives with her boyfriend who works fulltime. She is not responsible for anyone other than herself.  She can do basic things to care for herself, toilet, shower, prepare a meal, and feed herself. Plaintiff has an associates degree in general studies. Plaintiff further testified that she has bad days three to five times per week where she cannot do what she ordinarily does; she remains in bed. Since her diagnosis of bipolar disorder in  October 2017, she has gotten worse.  She has anxiety and panic attacks. She becomes anxious in groups of 10 to 20 people.  Plaintiff has nightmares three times per week, for which she takes medication. She also has flashbacks twice per week. She checks windows and doors at least two to four times per day. She has short term memory loss.  She experiences nausea as a side effect of her medication.  If her boyfriend is not home, she will let her dog outside, but has overslept and it was left inside on occasion.

A Vocational Expert (VE) testified that Plaintiff's past work was as a journeyman carpenter .The ALJ posed the following hypothetical: an individual with the Plaintiff's same age, education, and no past work, but limited to simple, routine, repetitive tasks, few changes in work setting with only occasional interactions with supervisors, coworkers, and the general public.

3

The VE testified the hypothetical person cannot perform Plaintiff's past work but could perform the following jobs: industrial cleaner, house cleaner, and semiconductor bonder.

**<u>Legal Standard</u>**

To be eligible for DBI under the Social Security Act, Plaintiff must prove that he is disabled. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Secretary of Health & Human Servs.,* 955 F.2d 552, 555 (8th Cir. 1992). The Social Security Act defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual will be declared disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner engages in a five-step evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). At Step One, the ALJ determines whether the claimant is currently engaged in substantial gainful activity. At Step Two, the ALJ considers

whether the claimant has a "severe" impairment or combination of impairments. At

Step Three, the ALJ determines whether the severe impairment(s) meets or

medically equals the severity of a listed impairment; if so, the claimant is

determined to be disabled, and if not, the ALJ's analysis proceeds to Step Four.

At Step Four of the process, the ALJ must assess the claimant's residual functional

capacity (RFC) – that is, the most the claimant is able to do despite her physical

and mental limitations, *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011) – and

determine whether the claimant is able to perform any past relevant work. *Goff v.*

*Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (RFC assessment occurs at fourth step

of process).

The claimant bears the burden through Step Four of the analysis. If he meets

this burden and shows that he is unable to perform his past relevant work, the

burden shifts to the Commissioner at Step Five to produce evidence demonstrating

that the claimant has the RFC to perform other jobs in the national economy that

exist in significant numbers and are consistent with his impairments and vocational

factors such as age, education, and work experience. *Phillips v. Astrue*, 671 F.3d

699, 702 (8th Cir. 2012).

The Court must affirm the Commissioner's decision if it is supported by

substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971); *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir.

2010). Substantial evidence is less than a preponderance but enough that a

reasonable person would find it adequate to support the conclusion. *Jones*, 619

Additionally, the Court must consider evidence that supports the Commissioner's

decision as well as any evidence that fairly detracts from the decision. *Boyd v.

Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016). If, after reviewing the entire record, it

is possible to draw two inconsistent positions and the Commissioner has adopted

one of those positions, the Court must affirm the Commissioner's decision; the

Court may not reverse the Commissioner's decision merely because substantial

evidence could also support a contrary outcome. *Id; see also Fentress v. Berryhill*,

854 F.3d 1016, 1021 (8th Cir. 2017).

**RFC**

A claimant's residual functional capacity (RFC) is the most an individual can

do despite the combined effects of all of his or her credible limitations.  *See* 20

C.F.R. § 404.1545.  An ALJ's RFC finding is based on all of the record evidence,

including the claimant's testimony regarding symptoms and limitations, the

claimant's medical treatment records, and the medical opinion evidence. *See

Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. §

404.1545; Social Security Ruling (SSR) 96–8p.

### Decision of the ALJ

At Step One of the decision, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 21, 2017, the alleged onset date. At Step Two, the ALJ found that Plaintiff had the severe mental impairments of anxiety, depression, bipolar disorder, attention deficit hyperactivity disorder, obsessive compulsive disorder, and post-traumatic stress disorder.  However, the ALJ found that she did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. part 404, subpart P, appendix 1. While the ALJ found none of Plaintiff's impairments met or equaled a listed impairment, she did find some limitations. Specifically, the ALJ found Plaintiff retained the residual functional capacity ("RFC") to perform all exertional level work as defined in 20 CFR 404.1567(a) and 416.967(a) but with the following nonexertional limitations: claimant is capable of simple, routine, repetitive tasks with few changes in work setting.  The claimant can have only occasional interactions with supervisors and coworkers and the general public.

At Step Four, the ALJ found Plaintiff did not have any past relevant work. At Step Five, the ALJ found that there are jobs that exist in significant number in the national economy that Plaintiff could perform, such as an industrial cleaner, a house cleaner, and a semi conduction bonder. Therefore, the ALJ found Plaintiff not disabled.

## Statement of the Issues

Generally, the issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole. The issue here is (1) whether the ALJ properly analyzed the treating psychiatrist's opinion; (2) whether the RFC is supported by the weight of the evidence.

## Discussion

The ALJ carefully detailed her findings through her discussion of Plaintiff's mental impairments. As described above, this Court's role is to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson*, 402 U.S. at 401; *Pate-Fire*, 564 F.3d at 942; *Estes*, 275 F.3d at 724.  So long as there is substantial evidence in the record that supports the decision, this Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  *Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).

**Whether the ALJ properly evaluated the opinion evidence**

Plaintiff claims the ALJ failed to properly evaluate the opinion evidence of her treating physician.  Dr. Spalding rendered his opinion in June 2019.  He completed a check box form indicating that Plaintiff had moderate limitations in

her abilities to understand remember and carry out simple instructions; make simple work-related decisions; and interact appropriately with the public. He noted marked limitations with Plaintiff's ability to interact with supervisors and coworkers. He also indicated extreme limitations in Plaintiff's ability regarding change in her routine work setting and usual work situations. The ALJ did not completely ignore Dr. Spalding's opinion, rather, she viewed it in conjunction with the record before her. Plaintiff's treatment notes do not coincide completely with Dr. Spalding's extreme and marked conclusions. Plaintiff only detailed her hallucinations once in the medical records. Dr. Spalding's treatment records establish Plaintiff's mood was normal more often than depressed or anxious. Plaintiff's medication seemed to work for keeping Plaintiff's anxiety and depression under control.

The ALJ considered Dr. Spalding's opinion but found that his treatment notes did not support his checked assessment of Plaintiff's ability to work.

**Whether the RFC is supported by substantial evidence**

Plaintiff argues the ALJ substituted her judgment for that of Plaintiff's physician in reaching Plaintiff's RFC. Plaintiff's position is misguided. The RFC of full exertional work with nonexertional limitations clearly demonstrates the ALJ considered Dr. Spalding's opinion to the extent it was based on his own treatment notes and Plaintiff's own descriptions of her mental state during her doctor visits.

Indeed, the ALJ assessed Plaintiff's limitations concluded Plaintiff can perform work within the situations described in her opinion. All the relevant evidence supports the ALJ's RFC determination.  She examined the entire record, and her opinion is substantially supported by the evidence before her.

Plaintiff argues the ALJ substituted her judgment for that of Plaintiff's physician in reaching Plaintiff's RFC.  Plaintiff's position is misguided.  The RFC demonstrates the ALJ considered Plaintiff's mental conditions and adjusted her jobs to those which allowed for these nonexertional limitations. The relevant evidence supports the ALJ's RFC determination. She examined the entire record, and her opinion is substantially supported by the evidence before her.

## Conclusion

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. *Perkins v. Astrue,* 648 F.3d 892, 900 (8th Cir. 2011).

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED.**

10

A separate judgment shall be entered incorporating this Opinion,

Memorandum and Order.

Dated this 17th  day of March,  2022.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE